disbarred respondent for ignoring four orders to show cause arising from his failure to file the opening brief in a criminal appeal for an indigent defendant and his related failure to pay a $150 court-imposed fine. Upon learning of this action, we suspended respondent pursuant to D.C. Bar Rule XI, § 11(d) pending a determination of whether to impose reciprocal discipline.[2] Respondent filed the affidavit required by D.C. Bar Rule XI, § 14(g) on September 5, 2002.

The Board has determined that respondent's transgressions would constitute misconduct in this jurisdiction under District of Columbia Rules of Professional Conduct 1.3(a) (zealous and diligent representation) and 8.4(d) (serious interference with the administration of justice). *See, e.g., In re Ontell,* 724 A.2d 1204 (D.C.1999). The Board also has determined that the warranted sanction for respondent's misconduct in the District of Columbia differs substantially from the sanction of disbarment that the Tenth Circuit imposed. *See In re Sheridan,* 798 A.2d 516, 522 (D.C. 2002); D.C. Bar R. XI, § 11(c)(4). Taking into account that respondent has no previous record of discipline and that his misconduct did not involve dishonesty and was shown to be neglectful rather than intentional, the Board has concluded that a public censure is the appropriate sanction in this case.

The Board's findings have substantial support in the record, and we accept them. We defer as well to the Board's recommended sanction. *See In re Delaney,* 697 A.2d 1212, 1214 (D.C.1997); D.C. Bar R. XI, § 9(g)(2). "Public censure has been the sanction imposed by the Court in other cases where respondents who had no prior discipline failed to make filings in court

and then ignored court orders, where there were not other substantial or intentional violations in the course of the misconduct." *In re Sumner,* 665 A.2d 986, 990 (D.C.1995) (appended Board report); *see also In re Hill,* 619 A.2d 936 (D.C. 1993) (publicly censuring respondent for failure to file brief and failure to respond to court orders and Bar Counsel); *In re Robertson,* 608 A.2d 756 (D.C.1992) (publicly censuring respondent for neglect of a legal matter and failure to respond to court orders, including a show cause order in a reciprocal discipline case).

Accordingly, we lift respondent's interim suspension and

ORDER that Charles F. Loyd be, and hereby is, publicly censured.

**In the Matter of Robert E. MILLER, Esquire**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 04–BS–567.**

District of Columbia Court of Appeals.

July 15, 2004.

Before: STEADMAN and REID, Associate Judges; and KING, Senior Judge.

---

2. We are informed that the Third Judicial District Court of Utah and the United States District Court for Utah publicly reprimanded respondent as a consequence of the Tenth Circuit's action.

## ORDER

PER CURIAM.

On consideration of the petition of the Board on Professional Responsibility pursuant to D.C. Bar Rule XI, § 13(c), for suspension of respondent for disability and to hold all disciplinary proceedings against respondent in abeyance, and respondent having interposed no objection thereto, it is

ORDERED that respondent is indefinitely suspended from the practice of law in the District of Columbia, effective immediately, and that all disciplinary matters pending against respondent be held in abeyance until further order of the Court, pursuant to Rule XI, § 13(e). Respondent's reinstatement to the District of Columbia Bar shall be in accordance with the provisions of D.C. Bar Rule XI, § 13(g). It is

FURTHER ORDERED that respondent shall file an affidavit in compliance with D.C. Bar Rule XI, § 14(g), and shall serve copies of the affidavit on Bar Counsel and the Board on Professional Responsibility.

**In the Matter of John A. CROCKETT, Esquire**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 04–BS–750.**

District of Columbia Court of Appeals.

July 15, 2004.

Before: STEADMAN and REID, Associate Judges; and KING, Senior Judge.

## ORDER

PER CURIAM.

On consideration of the petition of the Board on Professional Responsibility pursuant to D.C. Bar Rule XI, § 13(c), for suspension of respondent for disability and to hold all disciplinary proceedings against respondent in abeyance, and respondent having interposed no objection thereto, it is

ORDERED that respondent is indefinitely suspended from the practice of law in the District of Columbia, effective immediately, and that all disciplinary matters pending against respondent be held in abeyance until further order of the Court, pursuant to Rule XI, § 13(e). Respondent's reinstatement to the District of Columbia Bar shall be in accordance with the provisions of D.C. Bar Rule XI, § 13(g). It is

FURTHER ORDERED that respondent shall file an affidavit in compliance with D.C. Bar Rule XI, § 14(g), and shall serve copies of the affidavit on Bar Counsel and the Board on Professional Responsibility.

**In re Bernard BETTIS, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 02–BG–1285.**

District of Columbia Court of Appeals.

Argued Nov. 17, 2003.

Decided Aug. 5, 2004.